1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL C. GONCALVES CPT(P) SC,        No.  2:24-cv-01985 DJC AC PS
     USAR ARMY FOIA REQUESTOR,

12
                   Plaintiff,
13                                          ORDER AND FINDINGS AND
          v.                                RECOMMENDATIONS
14
     SECRETARY OF DEFENCE HON
15   LLOYD J. AUSTIN III, et al.,

16                 Defendants.

17

18        Plaintiff is proceeding in this action pro se.  This matter was referred to the undersigned

19   by E.D. Cal. R.  302(c)(21).  Plaintiff filed a request for leave to proceed in forma pauperis

20   ("IFP") pursuant to 28 U.S.C. § 1915 and has submitted the affidavit required by that statute.  See

21   28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.  On August 13,

22   2024, a defendant specially appeared to notify the court that the complaint in this case needed to

23   be sealed because it contains several unredacted social security numbers.  ECF No. 3.  The court

24   ordered the complaint sealed on August 14, 2024.  ECF No. 4.  Plaintiff moves for an extension

25   of time to respond to the request to seal.  ECF No. 5.  That motion is denied because sealing was

26   required by Local Rule 140(a)(iii).

27   ////

28   ////

                                                  1

1                                    **I.      Screening**

2          A.  Legal Standard

3          A determination that a plaintiff qualifies financially for in forma pauperis status does not

4    complete the inquiry required by the statute.  The federal IFP statute requires federal courts to

5    dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

6    relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

7    28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether the complaint is

8    frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure

9    ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a

10   "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed

11   in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is

12   entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the

13   relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and

14   directly.  Fed. R. Civ. P. 8(d)(1).

15         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16   Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

17   court will (1) accept as true all of the factual allegations contained in the complaint, unless they

18   are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

19   plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von

20   Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.

21   denied, 564 U.S. 1037 (2011).

22         The court applies the same rules of construction in determining whether the complaint

23   states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

24   must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

25   construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

26   less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

27   (1972).  However, the court need not accept as true conclusory allegations, unreasonable

28   inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

                                                    2

1    624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

2    to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

3    556 U.S. 662, 678 (2009).  To state a claim on which relief may be granted, the plaintiff must

4    allege enough facts "to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at

5    570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

6    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

7    Iqbal, 556 U.S. at 678.

8          A pro se litigant is entitled to notice of the deficiencies in the complaint and an

9    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

10   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as

11   stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

12      B.  The Complaint

13         Plaintiff filed his 173-page complaint on July 22, 2024.  ECF No. 1.  The complaint itself

14   is very difficult to decipher.  The first page contains what appears to be altered summaries of

15   emails, with varied fonts and certain words in bold.  ECF No. 1 at 3.  For example, plaintiff lists

16   text apparently from an email between "MG Robert Ostenberg, CDR" and "LTC Lisa Windsor

17   (JA USA)" with text below reading "I am going to see if I can get him S-O-M-E PAY (sic) He

18   (CPT(P)G) r-e-f-u-s-e-s RMA's (sic) and wanted AD Orders---and that can't be done!' USARC

19   Case File #13-99 (Gon¢alves) pp177."  ECF No. 1 at 3.  Under his "Introduction" section,

20   plaintiff writes "Comes now, FOIA Requestor CPT(P) Michael C. Gon¢alves (SC) SAR, as

21   Appellant herein, a 'Recalled to Active Duty' Reservist who appeals his Adverse Findings of 'NO

22   RECORDS FOUND' from Army SARC-HQ, by the Army's 'Primary Initial Denial Authority'

23   (P-IDA)."  Id. at 6.  However, the remainder of his complaint does not clearly define a cause of

24   action or clearly relate to a FOIA request.  Instead, it contains apparently unrelated, unclear

25   phrases.  For example, in a section entitled "Adherence to General Orders & Procedures" plaintiff

26   writes" "Who broke Defendants Contractual Obligation to the soldiers/families of the 319th SIG

27   BN by making unauthorized changes to our RDO-OPORD?"  Id. at 8.  The complaint contains

28   many undefined acronyms, references, and seemingly disconnected phrases.

1    C.  Analysis

2    The complaint does not contain facts supporting any cognizable legal claim against any

3    defendant.  The court finds that the complaint consists entirely of fanciful and delusional

4    allegations with no basis on law and no plausible supporting facts.  See ECF No. 1.  The contents

5    of the complaint are sufficiently unintelligible as to make it clear that leave to amend in this case

6    would not be fruitful.  The undersigned will therefore recommend that the complaint be dismissed

7    with prejudice.

8                              **II.      Pro Se Plaintiff's Summary**

9    Your motions to proceed without paying the filing fees are being granted, and you do not

10   have to pay the filing fee.  However, the Magistrate Judge has determined that your complaint

11   cannot be served because it does not state any legal claim that the court can consider or resolve.

12   The Magistrate Judge is recommending that your case be dismissed.  You have 21 days to file an

13   objection to this recommendation.

14                                  **III.  Conclusion**

15   In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to

16   proceed in forma pauperis (ECF No. 2) is GRANTED.  It is further ORDERED that the motion to

17   respond to defendant's notification that the complaint required sealing (ECF No. 5) is DENIED.

18   Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should

19   be DISMISSED with prejudice.

20   These findings and recommendations are submitted to the United States District Judge

21   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

22   after being served with these findings and recommendations, plaintiff may file written objections

23   with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

24   and Recommendations."  Plaintiff is advised that failure to file objections within the specified

25   ////

26   ////

27   ////

28   ////

4

1    time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

2    (9th Cir. 1991).

3          IT IS SO ORDERED.

4    DATED: August 28, 2024

5                                                     ALLISON CLAIRE
                                                      UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28